UNITED STATES of America, Plaintiff-Appellee,

v.

Jimmy ARON t/n James F. Stone, Defendant-Appellant.

No. 72–1613.

United States Court of Appeals, Ninth Circuit.

July 19, 1972.

Al Matthews, North Hollywood, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Arnold G. Regardie, Barry Russell, Lawrence W. Campbell, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, BROWNING and CHOY, Circuit Judges.

PER CURIAM:

Jimmy Aron appeals his conviction by a judge without a jury of conspiracy to transport counterfeit securities in interstate commerce in violation of 18 U.S.C. §§ 2314 and 371. The sole issue presented is the sufficiency of the stipulated facts. We affirm.

In 1969 Aron delivered plates for printing counterfeit securities to Ivan Geller. At that time, there was no agreement between them to engage in counterfeiting. A year later and without Aron's knowledge, Geller entered into a conspiracy with five other men to transport counterfeit securities in interstate commerce. Aron's plates were used after alterations were made by one of the conspirators.

At this point, with the conspiracy in full operation, Aron assisted in clipping coupons and in placing seals on the securities to make them look authentic. Aron did not know the details of the transportation and sale of the securities although he did know that they were counterfeit. He received $7,000 for his plates, and extracted another $7,500 at gunpoint.

"The gist of the offense of conspiracy . . . is agreement among the conspirators to commit an offense attended by an act of one or more of the conspirators to effect the object of the conspiracy." United States v. Falcone, 311 U.S. 205, 210, 61 S.Ct. 204, 207, 85 L.Ed. 128 (1940). The Government must prove knowledge of the conspiracy; however, it need not prove that each conspirator knew all the details or all the other members of the conspiracy. Blumenthal v. United States, 332 U.S. 539, 557, 68 S.Ct. 248, 92 L.Ed. 154 (1947). Knowledge of the conspiracy may be demonstrated by circumstantial evidence. Windsor v. United States, 384 F.2d 535, 536 (9th Cir. 1967); United States v. Fellabaum, 408 F.2d 220, 224 (7th Cir. 1969).

Here the Government proved that Aron furthered the conspiracy by helping to clip coupons and affix seals to what he knew were counterfeit securities. He also shared in the profits of the enterprise. Aron did more than simply provide items which made the conspiracy possible. Compare *Falcone, supra,* and United States v. Peoni, 100 F.2d 401 (2nd Cir. 1938). He actively participated in the criminal enterprise.

Affirmed.